# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*  \*
HEATHER LAVAYEN, on behalf of \*
G.R.C., a minor            \*      No. 15-1247V
          Petitioner,    \*      Special Master Christian J. Moran
      \*
v.                       \*      Filed: August 10, 2017
      \*      Reissued: September 20, 2017
SECRETARY OF HEALTH      \*
AND HUMAN SERVICES,     \*      Attorneys' fees and costs
      \*
          Respondent.    \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*  \*

Diana L. Stadelnikas, Maglio Christopher and Toale, PA, Sarasota, FL, for petitioner;
Ann D. Martin, United States Dep't of Justice, Washington, DC, for respondent.

## UNPUBLISHED DECISION ON FEES AND COSTS[1]

On August 9, 2017, petitioner moved for final attorneys' fees and costs in the above-captioned matter. Petitioner requested reimbursement for attorneys' fees and costs in the amount of **$27,122.15** and reimbursement for petitioner's costs for other counsel in the amount of **$2,255.17**, amounts to which respondent does not object. The Court awards these amounts.

On October 26, 2015, Heather Lavayen filed a petition for compensation alleging that the meningococcal meningitis vaccine and diphtheria, tetanus, and pertussis vaccine, which her child, G.R.C., received on August 5, 2014, caused G.R.C. to suffer from chronic inflammatory demyelinating polyneuropathy. The

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

undersigned issued a decision awarding compensation to petitioner based on the parties' joint stipulation.  <u>Decision</u>, issued Mar. 9, 2017, 2017 WL 1376415.

Because petitioner received compensation, petitioner is entitled to an award of attorneys' fees and costs.  42 U.S.C. § 300aa-15(e).  Petitioner seeks a total of $27,122.15 in attorneys' fees and costs.  In compliance with General Order No. 9, petitioner filed a statement that she did not incur any personal costs in pursuit of her case, but she does claim a total of $2,255.17 for attorneys' fees and costs by Paul A. Baumann, Baumann Kangas Estate Law, for guardianship matters related to this case.  Ex. 16, 17.

After reviewing the request, the Court awards the following:

a.  **A lump sum of $27,122.15 in the form of a check made payable to petitioner and petitioner's attorney, Diana L. Stadelnikas, of Maglio Christopher and Toale, PA; and**

b.  **A lump sum of $2,255.17 in the form of a check made payable to petitioner and Paul A. Baumann, Baumann Kangas Estate Law.**

This represents reimbursement for attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e).  In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[2]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.